UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILLIP FUGATE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED TELEPHONE SOUTHEAST, )<br>INC., ALAMON TELCO, INC., )<br>NORTEL NETWORKS, INC., and )<br>JIM HYATT, )<br>)<br>Defendants. ) | Case No. 3:06-0351<br>Judge Echols |

## MEMORANDUM

Pending before the Court is Defendant Jim Hyatt's (Hyatt's) Motion to Dismiss (Docket Entry No. 28). Also pending is Defendant United Telephone Southeast, Inc.'s ("United Telephone's") Motion to Dismiss Plaintiff's Common Law Claims (Docket Entry No. 54). Plaintiff Phillip Fugate ("Fugate") has not responded to either motion.

### I. FACTUAL BACKGROUND

The facts, as set forth in the Amended Complaint, and construed in Plaintiff's favor, are as follows. Plaintiff claims that while an employee of Defendants Alamon Telco, United Telephone and Nortel Networks in Johnson City, Tennessee, he was sexually harassed. Specifically, Plaintiff claims that "in or around March of 2003," he received a phone call in which a male stated "you're a good-looking blonde, I want to get with you." Plaintiff hung up the phone and saw two United Telephone employees, including

Defendant Hyatt, laughing at him. Plaintiff's supervisor, Dave Trinkle ("Trinkle"), allegedly witnessed the incident. (Amended Complaint ¶ 7).

Plaintiff next claims that "in or around July 2004," he was on the third floor of the Johnson City North Telephone Office when a man came up behind him, grabbed him, and kissed him on the jaw. Again, Trinkle is alleged to have witnessed this incident. (Id. ¶ 8).

Finally, Plaintiff claims that "on or around August 4, 2004," while Plaintiff was talking to his supervisor he felt a sharp pain between his legs. Plaintiff looked down and saw Hyatt "feeling his [Plaintiff's] testicles and penis." Hyatt then allegedly taunted Plaintiff about the size of his penis. (Id. ¶ 8).

Plaintiff told Trinkle on August 4, 2004 he could no longer work with Hyatt. Later that same day, Plaintiff was offered a transfer to Jonesborough. While Plaintiff was allegedly told an investigation would be conducted, he never heard anything more about the matter. (Id.).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging he was sexually harassed, given a less desirable assignment, and retaliated against for complaining of workplace discrimination.

On April 13, 2006, after receiving a Notice of Suit Rights, Plaintiff filed suit in this Court against several Defendants,

including Hyatt and United Telephone. Plaintiff claims he was harassed and discriminated against in violation of Title VII, 42 U.S.C. § 2000e et seq. Plaintiff also claims that Defendants' acts and omissions constitute invasions of privacy, the intentional infliction of emotional distress, and a breach of the covenant of good faith and fair dealing. Finally, Plaintiff claims Defendants' conduct constituted a breach of fiduciary responsibility and the common law tort of outrageous conduct.

## II. STANDARD OF REVIEW

In evaluating an Amended Complaint under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff, accept the factual allegations as true, and determine whether Plaintiff can prove any set of facts consistent with his Amended Complaint which would entitle him to relief. Wyser-Pratt Mgt., Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp., 399 F.3d 692, 697 (6th Cir. 2005).

## III. APPLICATION OF LAW

As indicated in the recitation of facts, Plaintiff raises a number of claims, although it is unclear whether he intends to pursue all claims against each Defendant. For that reason, Hyatt addresses each of Plaintiff's claims in moving to dismiss and United Telephone addresses all of Plaintiff's common law claims.

3

Plaintiff alleges Defendants discriminated against him and harassed him in violation of Title VII. Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). By its very terms, the statute deals with the *employer's* actions. "The law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer' under Title VII." Bangas v. Potter, 145 Fed. Appx. 139, 141 (6th Cir. 2005) (quoting Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997)). Here, Plaintiff alleges that Hyatt was a co-worker. There is no suggestion, nor can any reasonable inference be drawn from the facts alleged, that Hyatt was an employer within the meaning of Title VII. Therefore Hyatt is entitled to judgment on this claim.

Plaintiff also raises several state law claims which are considered torts against an individual and which are subject to the one year statute of limitations contained in T.C.A. § 28-3-104. These would include his claims for invasion of privacy, Scarborough v. Brown Group, Inc., 972 F.Supp.2d 1112, 1125 (W.D. Tenn. 1997); intentional infliction of emotional distress, Leach v. Taylor, 124 S.W.3d 87, 91 (Tenn. 2004); outrageous conduct, Jones v.

4

Dorrough, 2005 WL 954743 at *9 (Tenn. Ct. App. 2005); and gross negligence, Jones v. Professional Motorcycle Escort Serv., Inc., 193 S.W.3d 564, 567 (Tenn. 2006). Plaintiff alleges that the events about which he complains occurred "in or on" or "on or about" March 2003, July 2004 and August 4, 2004, but he did not file suit until April 13, 2006. Because he does not suggest that any harm he suffered was not discovered until later or allege anything which would suggest that tolling of the statute of limitations is appropriate, these claims against Hyatt and United Telephone are subject to dismissal.

Plaintiff generally alleges breach of fiduciary duty against all Defendants. However, by its very terms, a claim for breach of fiduciary duty requires that there be a fiduciary relationship, that is, a relationship where confidence is reposed by one party in another who exercises dominion and influence and who has the duty to act primarily for the benefit of the reposer. Alexander v. Chapnick, 2006 WL 448698 at *4 (W.D. Tenn. 2006). "In order to state a claim for a breach of fiduciary duty, the plaintiff must plead that the defendant had 'a duty to act primarily for [the plaintiff's] benefit.'" Id. (citation omitted).

In this case, there is no allegation, nor anything which can logically be inferred from the allegations which are made, that either Hyatt or United Telephone had a fiduciary relationship with

5

Plaintiff. Thus, this claim against Hyatt and United Telephone will be dismissed.

Finally, Plaintiff alleges the Defendants breached a covenant of good faith and fair dealing. This claim is subject to dismissal as to both Hyatt[1] and United Telephone because, while all parties to contracts are held to the standard of good faith and fair dealing, there is no allegation of the existence of a contract in this case, except to the extent it may be inferred that there was an employment contract between Plaintiff and his employer. It has been held that there is no duty of good faith and fair dealing based upon the existence of an at-will employment contract. See, Coker v. Carrier Corp., Inc., 2006 WL 1491247 at *4 (E.D. Tenn. 2006)(there is no covenant of good faith and fair dealing in an employment contract and thus where plaintiff is "an at-will employee, the implied covenant of good faith and fair dealing is irrelevant"); Delk v. Home Quality Mgt., Inc., 2006 WL 2503711 at *3 (M.D. Tenn. 2006)("claims for breach of contract, implied covenant of good faith and fair dealing in employment cannot be asserted by at-will employee"). This claim, too, will be dismissed as to Hyatt and United Telephone.

---

[1] With the conclusion that the remainder of Plaintiff's claims against Hyatt must be dismissed, it is questionable whether this claim can survive against that Defendant since "it is not an independent basis for relief." Duke v. Browning-Feris Indus., Inc., 2006 WL 1491547 at *9 (Tenn. Ct. App. 2006).

## IV. CONCLUSION

On the basis of the foregoing, Defendant Jim Hyatt's Motion to Dismiss (Docket Entry No. 28) will be granted and this case will be dismissed as to that Defendant. Defendant United Telephone's Motion to Dismiss Plaintiff's Common Law Claims (Docket Entry No. 54) will be granted and the state law claims will be dismissed as to that Defendant.[2]

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

---

[2] It would appear that the state law claims against the other corporate Defendants may also be subject to dismissal. However, no other motions to dismiss have yet been filed.